AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB 10 2022
CLERK, U.S. DISTRICT COURT
By _____ Deputy

| United States District Court | District: |
|---|---|
| Name (under which you were convicted): David Bryan Winters | Docket or Case No.: 1-22CV-0007H |
| Place of Confinement: Hughes Unit-TDCJ | Prisoner No.: 2070388 |
| Petitioner (include the name under which you were convicted) David Bryan Winters | v. | Respondent (authorized person having custody of petitioner) Bobby Lumpkin, Director TDCJ |
| The Attorney General of the State of: Texas |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

    259th Judicial District, Jones County, Texas

    (b) Criminal docket or case number (if you know): 011032

2. (a) Date of the judgment of conviction (if you know): May 19, 2016

    (b) Date of sentencing: May 19, 2016

3. Length of sentence: 30 Years Imprisonment W/Out Parole

4. In this case, were you convicted on more than one count or of more than one crime? ☐ Yes ☒ No

5. Identify all crimes of which you were convicted and sentenced in this case:

    Continuous Sexual Abuse of a Child

6. (a) What was your plea? (Check one)

    ☐ (1) Not guilty        ☐ (3) Nolo contendere (no contest)
    ☒ (2) Guilty            ☐ (4) Insanity plea

Page 2 of 16

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?  I plead guilty under the advice of counsel, during deliberations, and in order to "receive a lesser sentence" by the judge.

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury   ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes   ☒ No

8. Did you appeal from the judgment of conviction?

☐ Yes   ☒ No

9. If you did appeal, answer the following:

(a) Name of court:
(b) Docket or case number (if you know):
(c) Result:
(d) Date of result (if you know):
(e) Citation to the case (if you know):
(f) Grounds raised:

(g) Did you seek further review by a higher state court?   ☒ Yes   ☐ No

If yes, answer the following:

(1) Name of court: Texas Court of Criminal Appeal
(2) Docket or case number (if you know): WR-93,080-01
(3) Result: Denied W/Out Written Order

AO 241 (Rev. 09/17)

(4) Date of result (if you know):

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☒ Yes   ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Texas Court of Criminal Appeals

(2) Docket or case number (if you know): WR-93,080-01

(3) Date of filing (if you know): November 30, 2020

(4) Nature of the proceeding: Writ of Habeas Corpus

(5) Grounds raised: Ineffective Asistance of Counsel

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☐ Yes   ☒ No

(7) Result: Denied without a written order

Page 4 of 16

(8) Date of result (if you know): September 10, 2021

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____
_____
_____
_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____
_____
_____
_____
_____
_____
_____
_____

   (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

     ☐ Yes  ☐ No

   (7) Result: _____

   (8) Date of result (if you know): _____

  (d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

   (1) First petition:  ☒ Yes  ☐ No

   (2) Second petition: ☐ Yes  ☐ No

   (3) Third petition:  ☐ Yes  ☐ No

  (e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

  **CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**  Trial Counsel was ineffective in failing to seek out a DNA expert, contrary to federal law and State Court findings.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Trial counsel failed to seek out and hire a DNA expert to assist the defense, even where he knew long before trial that the State intended to present DNA evidence at trial and that it would be a major part of the State's case. This decision was based on a financial reason, and not any trial strategy, etc.

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____

_____

_____

_____

Page 6 of 16

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: I waived my right to a direct appeal, I was told.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Writ of Habeas Corpus

Name and location of the court where the motion or petition was filed: Texas Court of Criminal Appeals, Austin, Texas.

Docket or case number (if you know): WR-93,080-01

Date of the court's decision: 10/13/2021

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: There isn't possible appeal to an 11.07 Habeas Corpus in Texas

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: Only the 11.07 Habeas Corpus

**GROUND TWO:** Trial counsel was ineffective for failing to suppress, contrary to federal law and State Court Opinion.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Trial counsel failed to suppress the States evidence alleged as "DNA" belonging to the petitioner, because the evidence would also match completely and identical to his biological son, who shared a bedroom with the complainant.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: Waived right to direct appeal.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☒ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Writ of Habeas Corpus

Name and location of the court where the motion or petition was filed: Texas Court of Criminal Appeals, Austin, Texas.

Docket or case number (if you know): wr-93,080-01

AO 241 (Rev. 09/17)

Date of the court's decision: 10/13/2021

Result (attach a copy of the court's opinion or order, if available): Denied without written order.

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two :

**GROUND THREE:** Trial counsel was ineffective for failing to call witness Carrie Edwards, contrary to federal law and State Court Opinion.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

While trial counsel hired a necessary SANE expert to assist the defense at trial by offering adversarial challenge and opinion, he failed to call the expert witness to testify even though petitioner had already paid for the expert witness.

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Writ of Habeas Corpus

Name and location of the court where the motion or petition was filed: Texas Court of Criminal Appeals, Austin, Texas

Docket or case number (if you know): WR-93,080-01

Date of the court's decision: 10/13/2021

Result (attach a copy of the court's opinion or order, if available): Denied without written order

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

_____

**GROUND FOUR:** Trial counsel was ineffective for failing to request an instruction to disregard, contrary to federal law.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

After a successful objection to the State's bolstering through a witness, trial counsel failed to request an instruction to disregard the bolstering of complainant's credibility.

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

(c)   **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: Waived Direct Appeal

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Writ of Habeas Corpus

Name and location of the court where the motion or petition was filed: Texas Court of Criminal Appeals

Docket or case number (if you know): WR-93,080-01

Date of the court's decision: 10/13/2021

Result (attach a copy of the court's opinion or order, if available):

Denied without a written order

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☒ No
(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☒ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

**Ground Five:** Trial counsel was ineffective for failing to object to the State's bolstering.

In his closing, the State vouched for the credibility of the complainant. Trial counsel failed to object. This is contrary to clearly established federal law, as well as the State Opinion, etc.

**Ground Six:** Trial counsel was ineffective for failing to object to speculation of Debra McCracken.

At trial, the State's SANE expert provided speculated testimony unsupported by the medical community or evidence. Trial counsel failed to object to the misleading and inaccurate speculation. This, is contrary to clearly established federal laws as well as State Court Opinion.

**Ground Seven:** Applicant's plea was involuntary due to trial counsel's ineffective assistance at trial.

Due to trial counsel's numerous instances of ineffective and failed performance, petitioner was under durress to accept a plea of guilt in order to obtain lenient punishment as trial counsel instructed him during deliberations of the jury.

<u>**Ground Eight:**</u>   Cumulatively, trial counsel was ineffective.

When taken together, trial counsel's ineffectiveness so infected the trial process, that petitioner was denied a fair trial.

AO 241 (Rev. 09/17)

13. Please answer these additional questions about the petition you are filing:

    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☑ Yes ☐ No

    If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

    (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

AO 241 (Rev. 09/17)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing: _____

    (b) At arraignment and plea: David Thedford

    (c) At trial: David Thedford

    (d) At sentencing: David Thedford

    (e) On appeal: _____

    (f) In any post-conviction proceeding: _____

    (g) On appeal from any ruling against you in a post-conviction proceeding: _____

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   ☐ Yes   ☒ No

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed: _____

    (c) Give the length of the other sentence: _____

    (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ☐ Yes   ☒ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Page 14 of 16

AO 241 (Rev. 09/17)

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

 (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

_____

_____

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on   1/27/2022   (month, date, year).

Executed (signed) on   1/25/2022   (date).

*David Winters*
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

Page 16 of 16