UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

DAVID BRYAN WINTERS,

    Petitioner,

v.

DIRECTOR, TDCJ-CID,

    Respondent.

No. 1:22-CV-0007-H

## ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner, David Bryan Winters, a state prisoner, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 to challenge a conviction. Respondent filed an answer and an appendix with copies of relevant state-court records. Petitioner did not file a reply. As explained below, the Court finds that the petition must be dismissed as untimely. In the alternative, the petition is without merit.

### 1. Background

Petitioner is serving a 30-year sentence for continuous sexual abuse of a child pursuant to a judgment rendered May 19, 2016, under Case No. 011032 in the 259th District Court of Jones County, Texas. (Dkt. No. 11-2 at 2.[1]) Petitioner's sentence was based upon a sentencing agreement that was reached after a jury found him guilty. (Dkt. No. 11-4 at 2.) Petitioner appealed but the appeal was dismissed due to his voluntary waiver of his right to appeal. *Winters v. State*, No. 11-16-00238-CR, 2016 WL 5853192 (Tex.

---

[1] The reference is to "Page __ of __" reflected at the top right portion of the document assigned by the Court's electronic filing system.

App.—Eastland Oct. 6, 2016, pet. ref'd). On March 22, 2017, his petition for writ of discretionary review was refused. *Id.* (Dkt. No. 11-6 at 3.)

On September 1, 2020, Petitioner filed his state application for writ of habeas corpus. (Dkt. No. 11-7 at 2.) The Court of Criminal Appeals of Texas denied the application without written order on the findings of the trial court and on the Court's independent review of the record. (*Id.* at 3.)

On January 27, 2022, Petitioner placed his federal habeas application in the prison mailing system. (Dkt. No. 1 at 17.) In it, he sets forth eight grounds, worded as follows:

> **GROUND ONE:** Trial counsel was ineffective in failing to seek out a DNA expert, contrary to federal law and state court findings.
>
> **GROUND TWO:** Trial counsel was ineffective for failing to suppress, contrary to federal law and state court opinion.
>
> **GROUND THREE:** Trial counsel was ineffective for failing to call witness Carrie Edwards, contrary to federal law and state court opinion.
>
> **GROUND FOUR:** Trial counsel was ineffective for failing to request an instruction to disregard, contrary to federal law.
>
> **GROUND FIVE:** Trial counsel was ineffective for failing to object to the state's bolstering.
>
> **GROUND SIX:** Trial counsel was ineffective for failing to object to speculation of Debra McCracken.
>
> **GROUND SEVEN:** Applicant's plea was involuntary due to trial counsel's ineffective assistance at trial.
>
> **GROUND EIGHT:** Cumulatively, trial counsel was ineffective.

(Dkt. No. 1 at 5, 7, 8, 10, 12–13.) Respondent answers that the petition is untimely and barred by limitations. In addition, the grounds are without merit. (Dkt. No. 11.) Petitioner has not filed a reply.

2.  **Standards of Review**

   A.  **Limitations**

   A one-year period of limitation applies to a petition for writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The period runs from the latest of —

   > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   >
   > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   >
   > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   >
   > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.

   28 U.S.C. § 2244(d)(1). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

   The time during which a properly filed application for state post-conviction relief is pending does not count toward the period of limitation. 28 U.S.C. § 2244(d)(2). A state habeas petition is pending on the day it is filed through the day it is resolved. *Windland v. Quarterman*, 578 F.3d 314, 317 (5th Cir. 2009). A subsequent state petition, even though dismissed as successive, counts to toll the applicable limitations period. *Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999). And, a motion for reconsideration of the denial of a state petition also counts to toll limitations. *Emerson v.* Johnson, 243 F.3d 931, 935 (5th Cir.

2001). A state habeas application filed after limitations has expired does not entitle the petitioner to statutory tolling. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Equitable tolling is an extraordinary remedy available only where strict application of the statute of limitations would be inequitable. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The doctrine is applied restrictively only in rare and exceptional circumstances. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). The petitioner bears the burden to show that equitable tolling should apply. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). To do so, the petitioner must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The failure to satisfy the statute of limitations must result from factors beyond the petitioner's control; delays of his own making do not meet the test. *In re* Wilson, 442 F.3d at 875. Equitable tolling applies principally where the petitioner is actively misled by the government or is prevented in some extraordinary way from asserting his rights. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Patterson*, 211 F.3d at 930. Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Id.* Lack of legal acumen and unfamiliarity with legal process are not sufficient justification to toll limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Alexander*, 294 F.3d at 629.

Finally, the Supreme Court has recognized actual innocence as an equitable exception to the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To meet the actual innocence exception to limitations, the petitioner must show that, in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Id.* at 386–87; *Merryman v. Davis*, 781 F. App'x 325, 330 (5th Cir. 2019).

"Actual innocence" means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Moreover, such a claim requires the petitioner to support his allegations with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

### B. Section 2254

A writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the petitioner shows that the prior adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407–09; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244–46 (5th Cir. 2002)(*en banc*) (focus should be on the ultimate legal conclusion reached by the state court and not on whether that court considered and discussed every angle of the evidence). A determination of a factual issue made by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both express and implied factual findings. *Young*

*v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Absent express findings, a federal court may imply fact findings consistent with the state court's disposition. *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983). Thus, when the Texas Court of Criminal Appeals denies relief without written order, such ruling is an adjudication on the merits that is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Hill*, 210 F.3d at 486.

In making its review, the Court is limited to the record that was before the state court. 28 U.S.C. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### C. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, the petitioner must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000)(*per curiam*). "The likelihood of a different result must be substantial, not just conceivable," *Harrington*, 562 U.S. at 112, and a petitioner must prove that counsel's errors "so *undermined* the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen*, 563 U.S. at 189 (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of

claim must be highly deferential and the petitioner must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

Where, as here, the state court adjudicated the ineffective assistance claims on the merits, this Court must review Petitioner's claims under the "doubly deferential" standards of both *Strickland* and § 2254(d). *Cullen*, 563 U.S. at 190. In such cases, the "pivotal question" for the Court is not "whether defense counsel's performance fell below *Strickland's* standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 562 U.S. at 101, 105. In other words, the Court must afford "both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013)(quoting *Cullen*, 563 U.S. at 190); *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). And, simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

3. **Analysis**

In this case, Petitioner failed to address the issue of limitations in his petition although given notice and the opportunity to do so. (Dkt. No. 1 at 15–17.) And, he failed to file a reply, apparently conceding that his petition is untimely. The one-year limitations period ran from the date on which the judgment became final. 28 U.S.C. § 2244(d)(1)(A). As Respondent points out, that date may have been the date the judgment was entered, May 19, 2016, because Petitioner waived his right to appeal from the sentence. (Dkt. No. 11 at 6–7 (citing *Chacon v. Stephens*, No. 4:13-CV-2184 (2014 WL 3543722 (S.D. Tex. July 14, 2014).) It may have been August 17, 2016, after the 90-day period for filing a petition for

writ of certiorari expired. *See Wallace v. Miss.*, __F.4th __, 2022 WL 3150330 (5th Cir. Aug. 8, 2022). Or, giving Petitioner the benefit of the doubt, it may have been June 20, 2017—90 days after the Court of Criminal Appeals refused Petitioner's PDR (on March 22, 2017). *See Whittle v. Stephens*, No. 3:15-CV-1783-L, 2015 WL 3884221 (N.D. Tex. June 22, 2015) (noting that the Fifth Circuit has not directly addressed whether the waiver of a right to appeal affects the date of finality of a judgment). In any event, Petitioner's state habeas application did not toll limitations, because it was filed after limitations expired, no matter which date is used. *Scott*, 227 F.3d at 263. And, the petition in this case, filed years beyond the due date, whatever it may have been, comes too late.

Petitioner has not asked for equitable tolling or even addressed limitations at all. This case does not appear to present any rare and exceptional circumstances. *See Felder*, 204 F.3d at 170–71. All of his grounds are based upon alleged ineffective assistance of counsel, which would have been known to Petitioner at the time of trial. Ignorance of the law, assuming there was any, does not excuse his untimely filing. *Id.*

Finally, the Court notes that even if his claims were not barred by the statute of limitations, Petitioner could not prevail on the merits. In particular, the state court necessarily found his attorney's account of what transpired to be credible in making its decision to deny his state habeas application. *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). This Court may not substitute its own judgment about the credibility of Petitioner and his counsel in considering the petition. *Pemberton v. Collins*, 991 F.2d 1218, 1225 (5th Cir. 1993). Petitioner has failed to show that the state court's application of *Strickland* was not only erroneous but objectively unreasonable. *Yarborough v. Gentry*, 540 U.S. 1, 4 (2003).

4. Conclusion

For the reasons discussed, Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 is denied and dismissed with prejudice. Also, pursuant to Rule 22 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c), Petitioner has failed to show that reasonable jurists would (1) find this Court's "assessment of the constitutional claims debatable or wrong" or (2) find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." Thus, any request for a certificate of appealability should be denied. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

All relief not expressly granted, and any pending motions are denied.

So ordered.

Dated October 11, 2022.

JAMES WESLEY HENDRIX
United States District Judge